## Commonwealth v. Dillow

*W. Bertram Waychoff*, District Attorney, for Commonwealth.

*W. Robert Thompson* and *James H. McConomy*, for defendant.

SHUGHART, P. J., Ninth Judicial District, Specially Presiding, November 23, 1965.—Defendant and others were charged with violations of the Pennsylvania Bituminous Coal Mine Act of July 17, 1961, P. L. 659, following an investigation which took place after a mine explosion in Robena Mine no. 3 of the United States Steel Company on December 6, 1962. This defendant is charged with two offenses under the code: first, that he failed to make an entry in his assistant mine foremen report book of the discovery of an accumulation of explosive gas; and second, that he failed to make an entry in his mine examiner's record book of the discovery of an accumulation of explosive gas.

Defendant filed a pretrial motion for relief in the nature of a motion to quash the indictment. Thereafter, stipulations respecting some of the issues were filed. Oral argument was had on the motions, written briefs have been filed, and the matter is now before us for decision.

Dillow, as permitted by law, acted in the dual capacities of assistant mine foreman and mine examiner. In the latter capacity, he was subject to the statutory requirements set forth in section 228 of the code and, as assistant mine foreman, was subject to the requirements set forth in section 226.

In the stipulation filed, it was agreed that any accumulation of gas "was not detected by Mr. Dillow on his

mine examiner examination". In view of this stipulation, the offense charged under section 228 of the code is without support and must be dismissed.

Section 226 of the Pennsylvania Bituminous Coal Mine Act provides, inter alia:

"(a) In all mines the mine foreman shall employ a sufficient number of assistants to insure a visit to each working place during each shift either by himself or by his assistants ,while the employes are at work. . . .

"(c) . . . At the end of each shift each assistant mine foreman shall make a report in a book provided for that purpose, giving the general condition as to safety of the working places visited by him, and shall make a note of any unusual occurrence observed by him during the day".

The indictment charges Dillow with violating section 228(a) "in that he failed to record the accumulation of explosive gas in the mine examiner's record book, which he was keeping". Section 228 placed the duty upon mine examiners to make extensive examinations for the presence of gas and for other dangerous conditions. This section imposes a duty on the mine examiner, following the examination, to make a record in an appropriate book in ink of the examination and sign the same. This record must show the time of making the examination and the nature and location of any danger; and if any dangers have been discovered, the examiners are required to immediately report the location thereof to the mine foreman. No similar duty is imposed upon the mine foreman by section 226. The duty imposed upon him as indicated above, is to make a report in a book provided for that purpose of the general condition as to safety of the working places he visited, and further, to make a note of any unusual *occurrence* observed by him during the day. In connection with the motion, the following stipulation was entered into:

"TWELFTH: As regards the indictment in the case of Commonwealth vs. Albert H. Dillow it is not agreed that an accumulation of gas was present at the intersection of the radius and Number 5 heading, at the working face or 8 left, 4 Main, of Robena 3 Mine, on the second or afternoon shift (4:00 P. M. to 12:00 midnight) on December 5, 1962, but that if an accumulation of gas was present at that place, it occurred at the beginning of the second work shift and was quickly corrected by a change in brattice stopping".

Essentially, it is the contention of the Commonwealth that if gas was present and detected by Dillow, this constituted an "unusual occurrence" which should have been noted by him as an assistant mine foreman, even though the condition was immediately corrected by appropriate action through the use of the ventilating equipment.

The defense, on the other hand, contends that since Robena Mine no. 3 was a gassy mine, the presence of gas alone was a usual, rather than an unusual occurrence, and one which, of itself, did not require notation in the appropriate docket.

Throughout these proceedings, Robena Mine no. 3 has been considered by all parties to be a "gassy mine" in which methane gas was frequently encountered which required dilution and removal by proper ventilating procedure. The discovery of gas and its removal apparently occurred with considerable frequency, and its presence could not be considered an unusual occurrence. From the stipulation filed, it appears that if gas was present on the occasion in question, Dillow admittedly took proper action to eliminate the gassy condition.

The Commonwealth's sole allegation of misconduct on Dillow's part was that he failed to make a notation of the discovery and/or elimination of the gassy condition in his assistant mine foreman report book.

It is clear from an examination of the code that the presence of gas in a gassy mine does not constitute a violation of law. On the other hand, the act contemplates the finding of gas and sets forth provisions regarding its removal. Section 242(d) of the act specifically provides that where gas is detected at the working face of the mine, changes or adjustments shall be made at once so that the air shall not contain "a detectable quantity of explosive gas".

It is clear, therefore, that the presence and subsequent elimination of methane gas from a gassy mine does not constitute an unusual occurrence such as would require a notation of the same by the mine foreman at the end of a working day.

"In order to comply with the due process clauses of both the Pennsylvania Constitution and the Constitution of the United States, a criminal statute must be sufficiently certain and definite to inform the accused of the acts which the statute is intended to prohibit and which will render him liable to its penalties. 'A statute that either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of due process of law' ": Chester v. Elam, 408 Pa. 350, 356. See also Commonwealth v. Misiak, 20 June Term, 1963, Quarter Sessions Court of Greene County.

The expression "unusual occurrence", as employed in section 226 of the code, is so vague that great differences can arise in its application to factual situations, as evidenced by the dispute here at hand. Under these circumstances, and for the reasons set forth more fully in Commonwealth v. Misiak, supra, we feel that a holding that the conduct charged in the indictment constitutes a crime would render section 226 of the code unconstitutional because the phrase "unusual occurrence" fails to give an assistant mine foreman adequate notice

of the duties imposed and/or the acts prescribed. The indictment must, therefore, be quashed.

Defendant also contends that the indictment must be quashed because it charges two violations in the same count in the indictment and, therefore, is duplicitous. For the reasons set forth in Commonwealth v. Misiak, supra, it would appear that this objection has some merit. However, we shall not discuss this reason in support of the motion in detail because we prefer to base our decision on the other grounds discussed above.

### ORDER OF COURT

And now, November 23, 1965, for the reasons set forth in the foregoing opinion, the application for relief under rule 304 is granted and the indictment is quashed. Costs to be paid by Greene County. An exception is noted.